[No. 10834. Department Two. June 13, 1913.]

MITCHELL, LEWIS & STAVER COMPANY, *Appellant*, v. A. A. SMITH *et al.*, *Respondents.*[1]

Appeal from a judgment of the superior court for Franklin county, Holcomb, J., entered July 16, 1912, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Belden & Losey*, for appellant.

*Chas. W. Johnson*, for respondents.

PER CURIAM.—This is an action brought by the appellant against the respondents upon an open account. In its complaint the appellant alleged that, between September 16, 1905, and October 29, 1911, it sold and delivered to respondents goods, wares and merchandise of the reasonable and agreed value of $7,862.38; that the respondents paid thereon $7,242.56, leaving a balance due and owing to the appellant of $619.82, which balance the respondents refused and neglected to pay. An itemized statement of the account was attached to the complaint and made a part thereof. The answer of the respondents was a general denial.

The controversy at the trial was waged over the price of two 12-foot Champion headers. The evidence showed that, on December 5, 1905, the respondent gave a written order to the appellant for certain described farm machinery. As originally written the order called for two 12-foot Champion headers, and six 14-foot Champion headers. At some time and some place, none of the witnesses knew when or where or for what reason, the description of the 12-foot headers was erased from the order by drawing a line through it, and the written word "six," fixing the number of 14-foot headers, was erased in the same manner and prefixed by the figure eight. After the order had been sent in, the respondents sought to have it cancelled, and sent letters and telegrams to the appellant to that effect. The appellant, however, refused to cancel the order, and shipped to the respondents eight of the 14-foot headers, and two of the 12-foot size. The respondents refused at first to receive the same or take them from the car in which they were shipped, and the appellant sent one of its agents to their place of business to adjust the matter. The agent and the respondents entered into a new agreement at that time by which the respondents were induced to take possession of the headers. The nature of this agreement is the chief matter in dispute. The appellant contends that no change was made in the original terms of the sale of the property, and that

[1]Reported in 132 Pac. 880.

the only change made in the contract at all was that it gave the respondents a special warranty, covering the two 12-foot headers, guaranteeing them to work satisfactorily and agreeing to take them back and return the purchase price in case they failed to do so. The respondents say they took all of the headers on consignment, agreeing to dispose of them as the appellant's property and not as their own. In the course of time, all of the 14-foot headers were sold to users, but the respondents were unable to sell the two 12-foot ones, and still have them on hand, subject, as they contend, to the appellant's orders.

We shall not review the evidence. It is sufficient to say that it is conflicting, and that there is much than tends to support the contentions of each of the parties. But we think the evidence preponderates in favor of the view that no actual sale of the headers was made by the appellant to the respondents. As this view accords with the findings of the trial judge, we direct that the judgment be affirmed.